F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

SEP 1 7 2007

DAVID J MALAND, CLERK
BY
DEPUTY _Qala_ mcmielm_

SANDRA COOPER, *et al.*,                  §
                                          §    CIVIL ACTION NO. _____
        Plaintiffs                        §
                                          §         1 ⠂0 7 C V 0 6 2 5
v.                                        §    JURY DEMANDED
                                          §                    **Judge Clark**
MERCK & CO. INC.,                         §    Jefferson County, Texas
                                          §    60th Judicial District
        Defendant.                        §    Cause No. B179-876

**NOTICE OF REMOVAL OF DEFENDANT MERCK & CO., INC.**

PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck"), hereby removes this action pursuant to 28 U.S.C. § 1441 from the 60th Judicial District Court of Jefferson County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, and respectfully states to this Court as follows:

**THE FOSAMAX® MULTIDISTRICT LITIGATION**

1.      This action involves allegations regarding the prescription medication FOSAMAX®. On August 16, 2006, the Judicial Panel on Multidistrict Litigation ("MDL Panel") issued an order transferring 18 FOSAMAX® products liability cases to the United States District Court for the Southern District of New York (Keenan, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. *In re Fosamax Products Liability Litigation*, MDL No. 1789. Processes for quickly sending additional related cases to Judge Keenan have been set in place. As of this date, the MDL Panel has issued 31 Conditional Transfer Orders requiring the transfer of an additional 93 actions to MDL 1789, where a total of 277 cases are now pending, including both the transferred cases and cases filed directly in the transferee court. Merck will

seek the transfer of this action to MDL-1789, and will in the next week provide the MDL Panel

notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

## GROUNDS FOR REMOVAL

2.      On or about August 23, 2007, Plaintiffs commenced this action entitled

*Cooper, et al., v. Merck & Co., Inc.*, Cause No. B179-876, against Merck in the District Court of

Jefferson County, Texas, 60th Judicial District.  For the reasons set forth in more detail below,

this Court should assume jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this

matter is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive

of costs and interest, and is between citizens of different states.

## I.    MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

3.      Plaintiffs filed their Petition in Texas state court on or about August 23,

2007.  Merck was served with process on August 30, 2007.  This Notice of Removal is timely

filed pursuant to 28 U.S.C. § 1446(b).

4.      No further proceedings have been had in this action.

5.      Venue is proper in this Court because it is "the district and division

embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).  Therefore, this

action is properly removed to the Eastern District of Texas, Beaumont Division pursuant to 28

U.S.C. § 124(c)(2).

6.      Merck is the only defendant in this action.  Hence, all defendants join in

this removal.

7.      No previous application has been made for the relief requested herein.

8.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the District Court of Jefferson County, Texas, 60th Judicial District.

9.    Pursuant to 28 U.S.C. § 1446(a) and Eastern District Local Rules CV-5 & 81, Merck is filing an original and an additional copy of this Notice of Removal, and indexed copies of the following:

> (a) a list of all parties in the case, their party type, and current status of the removed case (Exhibit A);
>
> (b) a certified copy of the state docket sheet, all pleadings asserting causes of action, all answers to such pleadings; and all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a) (Exhibit B);
>
> (c) a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her (Exhibit C);
>
> (d) a record of which parties have requested trial by jury (Exhibit D); and
>
> (e) the name and address of the court from which the case is being removed (Exhibit E).

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

10.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A.    The amount in controversy requirement is satisfied.

11.    It is apparent from the face of the Petition that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of costs and interest.

12.    Plaintiffs allege that, as a result of ingesting FOSAMAX®, they have suffered "physical injury and damages" including "osteonecrosis of the jaw, deterioration of the jaw and all other injuries secondary to those conditions." (Petition 17.) Plaintiffs claim that due to the "gravity of the injuries," they have had to obtain medical care and "incur reasonable and necessary medical expenses." (Petition 53-54.) Plaintiffs also claim to have suffered "physical pain," "mental anguish with physical manifestations," "physical disfigurement," and "lost wages and a loss of earning capacity." (Petition 55-60.) Plaintiffs assert that their medical expenses, physical pain, mental anguish, physical disfigurement and lost earnings will continue in the future, as well.  *Id.*  Plaintiffs also contend that they are entitled to exemplary or punitive damages. (Petition 35, 49, 63, 64.) Plaintiffs specifically argue that they are entitled to damages in excess of the damage limitation provisions set forth in Texas' Civil Practices & Remedies Code §§ 41.007, 82.001 et seq., and 74.001 et seq. (Petition 65.)

13.    While there is not a record of prior cases that specifically involve osteonecrosis of the jaw – a fact which may be attributable to the fact that osteonecrosis of the jaw is a rare disorder and cases alleging liability against pharmaceutical manufacturers for allegedly causing the same had, prior to very recently, been non-existent – there are:

> (a) numerous reported cases in which jaw or similar facial injury led to jury or court awards far in excess of $75,000. *See, e.g., Howie v. Walsh*, 609 S.E.2d 249 (N.C. App. 2005) (addressing jury award of $300,000 against dentist who fractured patient's jaw during procedure); *Becker v. Woods*, 806 N.Y.S.2d 704 (N.Y. App. Div. 2005) (affirming jury award of $840,000 in damages where dental patient suffered from permanent paresthesia); *Preston v. Dupont*, 35 P.3d 433 (Colo. 2001) (addressing jury award of more than $250,000 for damage to alveolar nerve in jaw); *Bowers v. Liuzza*, 769 So.2d 88 (La. App.), writ. denied, 776 So.2d 468 (La. 2000) (finding that minimum adequate damage award for nerve damage in jaw was an amount that exceeded $175,000); *Becker v. Halliday*, 554 N.W. 2d 67 (Mich. App. 1996) (jury award of $200,000 in damages, where syringe lodged in upper jaw); *Herpin v. Witherspoon*, 664 So.2d 515 (La. App. 1995) (plaintiff entitled to receive more than $75,000

as a result of temporomandibular joint (TMJ) dysfunction); *Washburn v. Holbrook*, 806 P.2d 702 (Or. App. 1991) (affirming jury finding of $400,000 in damages as a result of damage to jaw during root canal); and

(b) numerous prior cases that reveal that potential awards based on osteonecrosis or avascular necrosis of the hip, knee, or other joint, exceed the $75,000 jurisdictional amount. *See, e.g., Barbee v. United States*, 2005 W.L. 3336504, at *1-2 (W.D. Wis. 2006) (finding that plaintiff suffered nearly $700,000 in damages for hip injuries that included avascular necrosis); *Shaver v. United States*, 319 F.Supp. 2d 649 (M.D.N.C. 2004) (awarding more than $75,000 in damages for osteonecrosis in knee caused by automobile accident); *Piselli v. 75th Street Medical*, 808 A.2d 508 (Md. 2002) (addressing jury award of $410,000 for medical malpractice that led to avascular necrosis of the hip); *Collier v. Cawthon*, 570 S.E.2d 53 (Ga. App. 2002) (affirming jury award of $170,000 for avascular necrosis of the hip).

14.     Thus, Plaintiffs' claims of physical injury and damages as a result of osteonecrosis of the jaw, and the compensatory and punitive damages that they seek, far exceed this Court's minimum $75,000 jurisdictional limit.

**B.     There is complete diversity between the parties.**

15.     According to the Petition, Plaintiffs were at the time of the filing of the Petition and are now citizens of Texas. (Petition 1-9.)

16.     Merck is now, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). (Petition 10.)

17.     Hence, there is complete diversity between the parties, and this court has subject matter jurisdiction under 28 U.S.C. § 1332.

18.     In addition, none of the defendants is a citizen of the state in which this action was brought. Under the clear language of 28 U.S.C. § 1441(b), this action is properly removed to this Court by Merck.

19.   WHEREFORE, Defendant Merck respectfully removes this action from the District Court of Jefferson County, Texas, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

BAKER BOTTS L.L.P.

*Richard L. Josephson*  *by perm. ZJ∂*

Richard L. Josephson
State Bar No. 11031500
910 Louisiana
Houston, Texas 77002
Telephone: (713) 229-1234
Telecopy: (713) 229-1522

ATTORNEY-IN-CHARGE FOR
MERCK & CO., INC.

OF COUNSEL:

W. Zachary Hughes
State Bar No. 24032441
BAKER BOTTS L.L.P.
910 Louisiana
Houston, Texas 77002
Telephone: (713) 229-2151
Telecopy: (713) 229-7851

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to all known counsel of record via certified mail, return receipt requestd, on this *14th* day of September, 2007.

Richard N. Laminack
Thomas W. Pirtle
Buffy K. Martines
Laminack, Pirtle & Martines
440 Louisiana, Suite 1250
Houston, Texas 77002

*W. Zachary Hughes*

W. Zachary Hughes

℀JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**1 07 CV 0 625**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Sandra Cooper; Lola Alpers; Willie Ray Harris; Novella Hartfield; Cathey Hunter; Debra Kirtman; Norman Smith; Linda Tanton; Delcie Thomas

## DEFENDANTS

Merck & Co., Inc.

**(b)** County of Residence of First Listed Plaintiff    Jefferson County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Laminack, Pirtle & Martines; 440 Louisiana, Suite 1250, Houston, Texas 77002; (713) 292-2750; (713) 292-2755 (fax)

Attorneys (If Known)

Baker Botts L.L.P.; 910 Louisiana; Houston, Texas 77002; (713) 229-1234; (713) 229-1522 (fax)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

*RECEIVED*
*U.S. DISTRICT CLERK*
*SEP 17 2007*
*WESTERN DIST. OF TEXAS*
*BEAUMONT*

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
Pharmaceutical Products Liability Action Removed from State Court

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**
75,001.00

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):    JUDGE  See Attachment A    DOCKET NUMBER

DATE    *September 14, 2007*

SIGNATURE OF ATTORNEY OF RECORD    *Richard L. Josephson by perm. 3374*

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

## ATTACHMENT A

This action involves personal injury allegations regarding the prescription medication FOSAMAX®. There are not currently any related pending cases in the Eastern District of Texas.

On August 16, 2006, the Judicial Panel on Multidistrict Litigation ("MDL Panel") issued an order transferring 18 FOSAMAX® products liability cases to the United States District Court for the Southern District of New York (Keenan, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. *In re Fosamax Products Liability Litigation,* MDL No. 1789. Processes for quickly sending additional related cases to Judge Keenan have been set in place. As of this date, the MDL Panel has issued 31 Conditional Transfer Orders requiring the transfer of an additional 93 actions to MDL 1789, where a total of 277 cases are now pending, including both the transferred cases and cases filed directly in the transferee court. Merck will seek the transfer of this action to MDL-1789, and will in the next week provide the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules. Therefore, this case is expected to be transferred to MDL-1789 in due course.

# EXHIBIT A

## Exhibit A: Parties and Case Status

Parties:

| | | | |
|---|---|---|---|
| Plaintiffs: | 1. | Sandra Cooper |
| | 2. | Lola Alpers |
| | 3. | Willie Ray Harris |
| | 4. | Novella Hartfield |
| | 5. | Cathey Hunter |
| | 6. | Debra Kirtman |
| | 7. | Norman Smith, Individually and as Representative of the Estate of Martha Smith, deceased |
| | 8. | Linda Tanton |
| | 9. | Delcie Thomas |

| | | |
|---|---|---|
| Defendant: | 1. | Merck and Co., Inc. |

Current Status of Removed Case:    Pending

# EXHIBIT B



**Jane Birge**
Chief Deputy

**Domestic Relations**
409-835-8653

**Child Support**
P. O. Box 3586
Beaumont, TX 77704
409-835-8425

# LOLITA RAMOS
## District Clerk
1001 Pearl Street • Beaumont, TX 77701 • 409-835-8580 • Fax 409-835-8527

Date: <u>September 12, 2007</u>

The State of Texas        *

                          **Case <u>B-179876: Sandra Cooper</u>**
                                  **<u>v. Merck & Co, Inc.</u>**

County of Jefferson      *

       I, Lolita Ramos, Clerk of the District Court, in and for Jefferson County, Texas,
do hereby certify that the above and foregoing is a true and correct copy of the entire
original case hereof, as same was filed and appears of record in my office.

Witness my official seal and signature of office in Beaumont, Texas, this the <u>12</u><sup>th</sup> day of
<u>September</u>, A.D., 20<u>07</u>.

**Lolita Ramos**, District Clerk
Jefferson County, Texas

By _L. Holloway_
Deputy

PAGE 1 OF 1

# CIVIL DOCKET, DISTRICT COURT

CASE NO. B-0179876-

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING | |
|---|---|---|---|---|---|
| B-0179876- | COOPER, SANDRA<br>VS<br>MERCK AND CO INC | MARTINES, BUFFY KAY PLFT<br>NO ATTORNEY AT THIS TIME DEFT | PERSONAL INJURY | 8/23/2007 | |
| | | | DISPOSITION DATE | JURY FEE | DATE |
| | | | | 30.00 | 8/24/07 |

| DATE OF ORDERS | ORDERS OF THE COURT | PROCESS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

COPY

# LPM

## LAMINACK, PIRTLE & MARTINES, L.L.P.

RICHARD N. LAMINACK
THOMAS W. PIRTLE
BUFFY K. MARTINES

August 22, 2007

Lolita Ramos
Clerk, Jefferson County
1001 Pearl Street
Beaumont, Texas 77701

B119876

Re:    Sandra Cooper, Lola Alpers, Willie Ray Harris, Novella Hartfield, Cathey Hunter, Debra Kirtman, Norman Smith, Individually and as Representative of the Estate of Martha Smith, Deceased, Linda Tanton and Delcie Thomas vs. Merck & Co., Inc.

Dear Ms. Ramos:

Enclosed please find the Plaintiffs' Original Petition to be filed in connection with the above referenced matter.

Please return a file-marked copy of the Petition to the undersigned in the self-addressed envelope enclosed for your convenience.

Also enclosed is our check in the amount of $250.00 for the civil suit filing fee of $212.00, the jury fee of $30.00, $8.00 for issuance of one (1) citation. Please issue the citation as requested on the enclosed Civil Process Request and return it to my office so it can be served by process server.

Thank you for your assistance in this matter.

Sincerely,

LAMINACK, PIRTLE & MARTINES

Buffy K. Martines

BKM/lp
Enclosures

440 LOUISIANA, SUITE 1250 HOUSTON, TEXAS 77002    TELEPHONE: 713.292.2750    FAX: 713.292.2755

RECEIPT FOR: FEES

**Cause No:** B-0179876          **Date:**  8/24/07          **Receipt No:**  227074
   **Style:**  SANDRA COOPER ET AL
        **vs** MERCK AND CO INC

**Paid By:** MARTINES, BUFFY KAY                                        P
**Amt Paid:**      250.00 CHECK          1444  **Bal Due:**              .00

        10.00  RECORDS MANAGEMENT
        50.00  COUNTY FILING FEE
        40.00  STATE FILING FEE
        20.00  LIBRARY FEE
        15.00  MEDIATION CENTER FEE
        30.00  JURY
        15.00  STENO
         5.00  SECURITY FEE
        10.00  INDIGENT FEE
        10.00  ADDITIONAL INDIGENT FEE
        37.00  JUDICIAL SUPPORT


               LOLITA RAMOS, CLERK DISTRICT COURTS
                    Jefferson County, Texas

                    By: _____
                         Tina              Deputy



B179876

## CIVIL PROCESS REQUEST

INSTRUMENT TO BE SERVED:    PLAINTIFFS' (SANDRA COOPER, ET AL) ORIGINAL PETITION

REQUEST CITATIONS TO BE ISSUED ON:

1.    NAME:               MERCK & CO., INC.

      AGENT/ADDRESS:      C.T. Corporation System, 350 North St. Paul Street, Dallas, TX 75201

      TYPE OF SERVICE:    Citation

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ATTORNEY REQUESTING SERVICE:

NAME:          BUFFY K. MARTINES              TBA #24030311

ADDRESS:       440 Louisiana, Suite 1250, Houston, TX 77002

TELEPHONE:     (713) 292-2750



CAUSE NO. _B179-876_

| | | |
|---|---|---|
| SANDRA COOPER; LOLA ALPERS; | § | IN THE DISTRICT COURT OF |
| WILLIE RAY HARRIS; NOVELLA | § | |
| HARTFIELD; CATHEY HUNTER; | § | JEFFERSON COUNTY, TEXAS |
| DEBRA KIRTMAN; NORMAN SMITH, | § | |
| Individually and as Representative of the | § | |
| ESTATE OF MARTHA SMITH, Deceased; | § | |
| LINDA TANTON and DELCIE THOMAS, | § | |
| Jointly and Severally, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| MERCK & CO., INC., | § | |
| | § | |
| Defendant. | § | _60th_ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Sandra Cooper, Lola Alpers, Willie Ray Harris, Novella Hartfield, Cathey

Hunter, Debra Kirtman, Norman Smith, Individually and as Representative of the Estate of Martha

Smith, Deceased, Linda Tanton and Delcie Thomas, Jointly and Severally, Plaintiffs, and file this

their Original Petition complaining of Defendant, Merck & Co., Inc., and for cause of action would

show this Honorable Court as follows:

## CASE DISCOVERY

Discovery in this case is intended to be conducted under Level 3 of Tex. R. Civ. P. 190.

Plaintiffs affirmatively plead that they seek monetary relief aggregating more than $50,000.00.

## STATEMENT OF PARTIES

1. Plaintiff, Sandra Cooper, is a resident of Jefferson County, Texas.

2. Plaintiff, Lola Alpers, is a resident of Hardin County, Texas.

-1-



3.    Plaintiff, Willie Ray Harris, is a resident of Jefferson County, Texas.

4.    Plaintiff, Novella Hartfield, is a resident of Orange County, Texas.

5.    Plaintiff, Cathey Hunter, is a resident of Jefferson County, Texas.

6.    Plaintiff, Debra Kirtman, is a resident of Jefferson County, Texas.

7.    Plaintiff, Norman Smith, Individually and as Representative of the Estate of Martha Smith, Deceased, is a resident of Jefferson County, Texas.

8.    Plaintiff, Linda Tanton, is a resident of Jasper County, Texas.

9.    Plaintiff, Delcie Smith, is a resident of Jefferson County, Texas.

10.    Defendant, MERCK & CO., INC. ("Merck"), is a New Jersey corporation, with its principal place of business in New Jersey. Plaintiffs intend to sue that group or association doing business as Merck, who designed, manufactured, marketed, promoted, sold and/or otherwise distributed the drug Fosamax to pharmacies and physicians worldwide and in the United States, and specifically in Texas. Plaintiffs intend to sue the private corporation, individual unincorporated association and/or partnerships doing business under the name of "Merck", which designed, manufactured, marketed, promoted, sold and/or otherwise distributed Fosamax in the United States. Plaintiffs reserve the right, if needed, to add or amend any formal names to properly reflect the correct party. At all times relevant hereto, Merck was registered to do and was doing business in the State of Texas. Merck may be served with citation by serving its registered agent, C.T. Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201.



## JURISDICTION

11.     This Court has subject matter jurisdiction over this controversy because the damages are within it's jurisdictional limits.    Additionally, Plaintiffs are residents of Texas, and all Defendants have committed torts in Texas, and are amenable to service by a Texas court.

## VENUE

12.     Venue is proper in Jefferson County, Texas.    Specifically, venue is proper under Texas Civil Practice & Remedies Code §15.002(a)(1) and §15.002(a)(4) because Jefferson County was the county in which all or a substantial part of the events or omissions giving rise to the claim occurred and Jefferson County was the county in which the Plaintiffs resided at the time of the accrual of this cause of action.

13.     Further, Venue is proper in Jefferson County for joinder of Plaintiffs' claims under Texas Civil Practice & Remedies Code §15.003(a) and under Rule 40 of Texas Rules of Civil Procedure, in that Plaintiffs jointly and severally assert a right to relief, which arise out of the same series of transactions or occurrences. Additionally, there are questions of law and fact common to all claims in this action. Specifically, Plaintiffs all ingested the same prescription drug, Fosamax and, as a result of ingesting Fosamax, have suffered the same or substantially the same injury.

## FACTS

14.     Plaintiffs maintain that the pharmaceutical drug Fosamax is defective, dangerous to human health, unfit and unsuitable to be marketed and sold in commerce and lacked the proper warnings as to the dangers associated with its ingestion.

15.     At all times relevant and material hereto, Merck acted and gained knowledge itself and by and through its various agents, servants, employees, and/or ostensible agents.



16.    Plaintiffs were prescribed and ingested the drug Fosamax as directed by their individual physicians.

17.    Plaintiffs suffered physical injury and damages arising from their ingestion of Fosamax, including, but not limited to, osteonecrosis of the jaw, deterioration of the jaw and all other injuries secondary to those conditions.

18.    Plaintiffs would also show that nothing the Plaintiffs did contributed in any way to their injuries and damages.

19.    Plaintiffs were using Fosamax in the manner for which it was intended and/or in a reasonably foreseeable manner.  Plaintiffs were not aware of, and reasonably could not have discovered, the dangerous nature of Fosamax.

20.    Plaintiffs would show that all injuries and damages were proximately caused by the Defendant's conduct more fully described below.

## THEORIES OF RECOVERY

### Count I:  Strict Products Liability

21.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, allege as follows:

22.    Merck created, designed, manufactured, tested, labeled, packaged, marketed, sold, advertised, distributed, supplied and/or placed into the stream of commerce the dangerous drug Fosamax described herein, which Merck distributed throughout the world, including Texas. Under the theory of Strict Products Liability, Plaintiffs would show that the drug Fosamax was defectively

-4-



designed, marketed, and manufactured and was unsafe for its intended purposes at the time the drug left the control of Merck and was sold.

23.    Plaintiffs were using Fosamax in the manner for which it was intended and/or in a reasonably foreseeable manner.  Plaintiffs were not aware of and reasonably could not have discovered the dangerous nature of Fosamax.

24.    The drug Fosamax did not have the proper warnings regarding the injuries associated with the use of it and the comparative severity and duration of such injuries.  The warnings given did not accurately reflect the symptoms, scope, frequency, or severity of such injuries.  Additionally, or in the alternative, Merck failed to perform adequate testing in that adequate testing would have shown that Fosamax possessed undisclosed risks of potentially serious injuries.  Full and proper warnings accurately and fully reflecting the symptoms, scope, frequency, and severity of the harm should have been made with respect to the use of this drug.

25.    Merck knew, or should have known, that Fosamax was a dangerously defective drug that posed unacceptable risks of serious injury, which risks were unknown and unknowable by the Plaintiffs.

26.    Fosamax was defective due to inadequate warnings or instructions because, after Merck knew or should have known of the risk of serious injury from Fosamax use, it failed to provide adequate warnings to Plaintiffs and/or Plaintiffs' physicians, and Merck continued to aggressively promote the dangerously defective product. Merck failed to provide adequate warnings to Plaintiffs and/or Plaintiffs' physicians, and Merck continued to aggressively promote the dangerously defective product. Merck failed to give warnings (1) that could reasonably be expected to catch the attention of a reasonably prudent person, in the circumstances that the product was used; (2) that were comprehensible to the average user; and (3) that conveyed a fair indication of the nature

-5-



and extent of the danger. The failure to give these warnings rendered Fosamax dangerous to an extent beyond that which would be contemplated by the ordinary users of the product with ordinary knowledge common to the community.

27.    The drug Fosamax was defective in design or formulation in that, when it left the hands of the manufacturer and/or distributor, the foreseeable risks far exceeded the benefits associated with the design or formulation. Alternatively, the drug Fosamax was defective in design or formulation, in that, when it left the hands of the manufacturer and/or supplier, it was unreasonably dangerous, it was more dangerous than an ordinary consumer would expect, and it was more dangerous than other drugs of the same class as Fosamax.

28.    Merck is liable under the theory of Strict Product Liability as set forth in Section 402A of the Restatement of Torts 2d and under Texas Strict Product Liability Law. Merck was at all times material hereto engaged in the business of designing, manufacturing, distributing, marketing, promoting, and placing into the stream of commerce the drug. Merck is in the business of selling Fosamax with the expectation that such product would reach the user without substantial change in the condition in which it was sold. The drug Fosamax reached the ultimate users without substantial change in the condition in which it was sold.

**B.    Count II: Negligence**

29.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, allege as follows:

30.    Merck was negligent in designing, manufacturing, marketing, promoting, distributing and placing into the stream of commerce, a product that they knew or should have known was not safe. Merck was also negligent in the post-market safety surveillance of such drugs, and negligently



failed to detect and warn about the increased frequency of adverse events associated with such drug. Merck negligently failed to adequately warn Plaintiffs and/or their physicians about the adverse events associated with Fosamax. Further, Merck failed to warn the Plaintiffs and/or their physicians or the public that Fosamax was not safe. Merck assumed a duty to warn Plaintiffs directly, because Merck voluntarily contacted entities other than the Plaintiffs' physicians when marketing and aggressively promoting this drug. Further, Merck failed to first determine that the product was safe for all applicable foreseeable uses.

C.    **Count III:  Misrepresentation And Fraud**

31.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, allege as follows:

32.    Merck, through advertising, labeling, and other communications, made misrepresentations to physicians and the public, including the Plaintiffs and/or their physicians, about the safety and efficacy of Fosamax. Physicians and their patients, including the Plaintiffs and their physicians, justifiably relied on Merck's misrepresentations and were harmed as a result. Plaintiffs are entitled to recover damages since such damages were produced by Merck's misrepresentations.

33.    Further, Merck, through advertising, labeling, promotion, and other communications intentionally made misrepresentations to physicians and the public, including Plaintiffs and/or their physicians, about the safety and efficacy of Fosamax. From its inception until its withdrawal, the labeling for Fosamax and other representations of Merck were inaccurate and misleading.

34.    Plaintiffs would also show that Merck knew, or should have known, that Fosamax was not as effective as competing medications, but Merck chose to disregard, downplay, and conceal



that information. This conduct constitutes an intentional and/or negligent misrepresentation and concealment.

35.    Physicians and their patients, including Plaintiffs and/or Plaintiffs' physicians, relied on Merck's fraudulent misrepresentations, and Plaintiffs were harmed as a result.  Further, because Merck's conduct was willful, reckless, intentional and maliciously fraudulent, Plaintiffs are entitled to an award of exemplary damages in order to punish such conduct and to deter such conduct in the future.

**D.    Count IV:  Civil Conspiracy And Commercial Bribery**

36.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, allege as follows:

37.    Merck committed civil conspiracy, commercial bribery (Tex. Penal Code, sec. 32.43) and conspiracy to commit commercial bribery in that fiduciaries of Merck knowingly and/or intentionally offered, conferred, or agreed to confer benefits, gifts, and/or gratuities or conspired to do the same upon Physicians, pharmacists and insurance companies for the purpose of these entities continued to use the drug Fosamax, to switch patients from other and more effective drugs to Fosamax, and to convince their patients and others of the safety and effectiveness of Fosamax.

**E.    Count V:  Breach Of The Implied Warranty Of Merchantability**

38.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, allege as follows:



39.     Defendant's Fosamax was not of merchantable quality and not fit for the ordinary purposes for which such a product is used.

40.     At the time Merck marketed, sold and distributed Fosamax for use by Plaintiffs, Merck impliedly warranted the product to be fit for a particular purpose and for the ordinary purpose for which such product was to be used. Merck had reason to know of the particular purpose for which Fosamax was required. Plaintiffs and/or their physicians reasonably relied upon the skill and judgment of Defendant to select or furnish a suitable product that was of merchantable quality and safe for its intended use.

41.     As a direct and proximate result of Defendant's defective and unreasonably dangerous Fosamax and the breach of this implied warranty of merchantability, Plaintiffs were injured and will continue to suffer injury, harm, and economic loss as alleged herein.

F.     **Count VI:  Breach Of The Implied Warranty Of Fitness For A Particular Purpose**

42.     Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, allege as follows:

43.     Defendant's Fosamax was not fit for its particular purpose of safely treating osteoporosis and/or other bone disorders.

44.     Defendant Merck actually and/or constructively knew of the purposes to which its Fosamax was to be used.

45.     Plaintiffs relied upon Defendant to furnish Fosamax in a condition suitable for its particular purpose.

-9-



46.    As a direct and proximate result of Defendant's defective and unreasonably dangerous Fosamax and its breach of implied warranty of fitness for a particular purpose, Plaintiffs were harmed as alleged herein.

### G.    Count VII:  Breach Of Express Warranty

47.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, allege as follows:

48.    Merck expressly warranted to Plaintiffs and/or their physicians that Fosamax was safe and effective when Merck knew the product had never been proven as safe and effective, when Merck knew that substantial questions existed with respect to the safety and efficacy of this product, and when, in fact, the product was not safe or effective for all foreseeable uses.

### H.    Count VIII:  Gross Negligence/Malice

49.    Plaintiffs also allege that the acts or omissions of Merck, whether taken singularly or in combination with others, constitute gross negligence/malice that proximately caused the injuries to Plaintiffs. Merck's conduct was more than momentary thoughtlessness or mere inadvertence, but it amounted to such an entire want of care so as to constitute gross negligence, malice, under that term as defined in Tex.Civ.Prac. & Rem.Code, Sec. 41.001, et seq., and a "knowing" injury under the Texas Civil Practice and Remedies Code and Texas Penal Code (sec. 22.04) to individuals, including the Plaintiffs herein.  Thus, Plaintiffs seek exemplary damages in an amount that would punish Merck for its unconscionable conduct and which would deter other similarly situated drug manufacturers, distributors, and promoters from engaging in such misconduct in the future.



**AGENCY**

50.    Whenever in this petition it is alleged that Merck did any act or thing, it is meant that it performed or participated in such act or thing, or that such act was performed by the officers, agents, employees or representatives (including, but not limited to "detail men" and salespersons) of Merck. In each instance, the officers, agents, employees or representatives of Merck were then authorized to and did in fact act and/or make representations on behalf of Merck, or otherwise acted under the guidance and direction of Merck and Merck ratified all such acts.

**CAUSATION**

51.    Each of the aforementioned acts, omissions, negligence, gross negligence, malice, and/or knowing injury to the elderly, breaches of warranty, and/or defective products of Merck was a proximate and/or a producing cause of the injuries to Plaintiffs.

**DAMAGES**

52.    As a result of the incident made the basis of this lawsuit, described in the preceding paragraphs, and the negligence of Defendant, Plaintiffs sustained significant injuries and damages.

53.    Due to the gravity of the injuries stated above, Plaintiffs have had to seek reasonable and necessary medical care and attention, and this has caused Plaintiffs to incur reasonable and necessary medical expenses for the treatment of their injuries.

54.    In all likelihood, based upon a reasonable medical probability, Plaintiffs will require reasonable and necessary medical treatment and incur reasonable and necessary medical expenses in the future.

55.    Further, Plaintiffs have suffered physical pain as a result of this incident. Such physical pain, in all reasonable medical probability, will continue into the future, if not permanently.

-11-



56.     Further, Plaintiffs have suffered mental anguish with physical manifestations as a result of this incident. Such mental anguish, in all probability will continue into the future, if not permanently.

57.     Further, Plaintiffs have suffered physical impairment as a result of this incident. Such physical impairment in all reasonable medical probability will continue into the future, if not permanently.

58.     Further, Plaintiffs have suffered physical disfigurement as a result of this incident. Such physical disfigurement, in all reasonable medical probability, will continue into the future, if not permanently.

59.     Further, Plaintiffs have suffered lost wages and a loss of earning capacity in the past.

60.     Further, Plaintiffs will, in all reasonable probability, continue to sustain loss of wages and loss of earning capacity in the future.

61.     Plaintiffs' damages are above the minimum jurisdictional limits of this Court.

62.     Plaintiffs seek reasonable attorney's fees, to the extent allowed, and costs.

63.     Plaintiffs also seek exemplary and/or punitive damages from Defendant Merck, as allowed by law, to set an example and to prevent wrongful conduct in the future.

64.     Plaintiffs seek both pre-judgment and post-judgment interest as allowed by law, for all costs of court, actual damages, compensatory damages, exemplary damages, punitive damages and all other relief, both in law and in equity, to which Plaintiffs may be entitled.

## UNCONSTITUTIONAL PROVISIONS OF TEXAS LAW

65.     To the extent that the Defendant attempts to rely on the most recently enacted damage limitation provisions and procedures contained in the Texas Civil Practices & Remedies Code,



Sections 41.007, 82.001 et seq., and 74.001, et seq., the Plaintiffs would show the Court that such limitations and provisions in that law are unconstitutional or, in the alternative, are unconstitutional as applied to Plaintiffs, under the following constitutional safeguards:

(a)     The "Open Courts" provisions of the Texas Constitution (Article I, Section 13);

(b)     The "Due Course of Law" clause of the Texas Constitution (Article I, Section 19);

(c)     The "Equal Rights" clause of the Texas Constitution (Article I, Section 3);

(d)     The right of due process of law under the Fourteenth Amendment to the United States Constitution; and/or

(e)     The right to equal protection under the law under the Fourteenth Amendment to the United States Constitution.

## JURY DEMAND

66.     Plaintiffs respectfully demand a trial by jury.

## PRAYER

67.     WHEREFORE, Plaintiffs request that the Defendant be cited to appear and answer herein, and that upon final trial, Plaintiffs have:

a.      judgment in Plaintiffs' favor and against the Defendant, Merck;

b.      all past and future compensatory damages as fully described in the petition above, including, but not limited to, physical pain and mental anguish, physical disfigurement, physical impairment, loss of earning capacity, lost wages, and the cost of reasonable medical care in the past and in the future;

c.      exemplary and punitive damages in an amount in excess of the jurisdictional limit;

d.      reasonable attorney's fees, to the extent allowed by law, and expenses;

e.      all elements of interest, including, but not limited to, pre-judgment and post-judgment interest in the maximum amount as allowed by law;

f.      costs of court; and

-13-



g.     such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

LAMINACK, PIRTLE & MARTINES

RICHARD N. LAMINACK
State Bar #11850350
THOMAS W. PIRTLE
State Bar #16038610
BUFFY K. MARTINES
State Bar #24030311
440 Louisiana, Suite 1250
Houston, Texas  77002
Telephone:  713-292-2750
Facsimile:   713-292-2755

ATTORNEYS FOR PLAINTIFFS

-14-



CAUSE NO. B179-876

| | | |
|---|---|---|
| SANDRA COOPER, *et al.*, | § | |
| | § | IN THE DISTRICT COURT OF |
| Plaintiffs | § | |
| | § | |
| v. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| MERCK & CO. INC., | § | |
| | § | 60TH JUDICIAL DISTRICT |
| Defendant. | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF MERCK & CO., INC.**

Defendant, Merck Co., Inc. ("Merck" ), by and through its undersigned attorneys, hereby

answers the Petition. Merck denies all allegations set forth in the Petition except to the extent

such allegations are specifically admitted below:

**I. GENERAL DENIAL**

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendants assert a

general denial of all the material allegations contained in the Petition and request that this Court

require Plaintiffs to prove such allegations by a preponderance of the evidence as required by the

Texas Constitution and by the statutes, laws, and Rules of Civil Procedure of the State of Texas.

Defendants specifically reserve the right to file amended pleadings in this case in

accordance with the Texas Rules of Civil Procedure.

**II. AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that any one or more of the following affirmative

defenses should be available to Merck in this matter. Merck, therefore, asserts said affirmative

defenses in order to preserve the right to assert them. Upon completion of discovery, and if the

facts warrant, Merck may withdraw any of these affirmative defenses as it may deem

appropriate. Further, Merck reserves the right to amend its Answer to assert additional defenses,

cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Merck demands strict proof of all claims and allegations contained in Plaintiffs' Petition that Merck has not expressly admitted. Further answering and by way of additional defense, Merck states as follows:

1.    Each and every claim asserted or raised in the Petition is barred by the applicable statute of limitations and is otherwise untimely.

2.    The Petition fails to state a claim upon which relief can be granted.

3.    Each and every claim asserted or raised in the Petition is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

4.    If Plaintiffs have sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

5.    To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

6.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of FOSAMAX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

7.    Other persons or entities who are not parties to this suit were guilty of negligence which was the sole proximate cause of, or a contributing cause to, the damages alleged in the Petition. Merck anticipates more specific information regarding the identity and potential

liability of these non-parties will be developed during discovery. Accordingly, any damages awarded should be apportioned.

8.     The injuries and damages, if any, sustained by the Plaintiffs resulted in whole or in part from their own comparative negligence and any damages recovered should be reduced accordingly.

9.     If Plaintiffs have sustained injuries or losses as alleged in the Petition, such injuries or losses were only sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Merck or another manufacturer.

10.     If Plaintiffs have sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

11.     If Plaintiffs have sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of FOSAMAX®.

12.     If Plaintiffs have sustained injuries or losses as alleged in the Petition, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

13.     Plaintiffs' claims for breach of warranty are also barred for lack of timely notice of breach and/or lack of privity.

14.     Plaintiffs' claims are barred in whole or in part under the applicable state law because FOSAMAX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

15.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

16.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused the injuries asserted in the Petition, such an award would, if granted, violate Merck's state and federal constitutional rights.

17.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

18.     To the extent that Plaintiffs seek punitive damages, such claim is barred because FOSAMAX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

19.     Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

20.     Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

21.     Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

22.   Plaintiffs' claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

23.   There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of FOSAMAX®.

24.   Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

25.   Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

26.   With respect to each and every cause of action, Plaintiffs are not entitled to recovery for strict liability because Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiffs' claims to a negligence cause of action.

27.   All activities of Merck as alleged in the Petition were expressly authorized and/or regulated by a government agency. Therefore, Plaintiffs' claims pertaining to unfair or deceptive practices are barred.

28.   With respect to each and every cause of action, Plaintiffs are not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

29.   Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Texas Constitutions.

30.    The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

31.    At all times relevant herein, any product which is the subject matter of this action processed and distributed by Merck in any state in the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

32.    With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

33.    To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

34.    Plaintiffs have not sustained an ascertainable loss of property or money.

35.    Plaintiffs have not suffered any actual injury or damages.

36.    Plaintiffs' claims are barred under the doctrine of economic loss.

37.    Merck is entitled to a set-off or reduction in any damages which may be awarded to the Plaintiffs for any amounts received from collateral sources.

38.    To the extent that Plaintiffs asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

39.    If Plaintiffs sustained the injuries and damages alleged in the Petition, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck. If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

40.    Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 et seq. of the Texas Civil Practice & Remedies Code.

41.    Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

42.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Petition, such benefits are not recoverable in this action.

43.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity.

44.     Any claims for exemplary damages are limited by Section 41.008 of the Texas

Civil Practice and Remedies Code to two times the amount of actual damages or $200,000,

whichever is greater.   Merck asserts all other defenses and limitations on punitive damages

contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

45.     Any claim for punitive damages against Merck cannot be sustained, because an

award of punitive damages under Texas law without proof of every element beyond a reasonable

doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States

Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

46.     Unless Merck's liability for punitive damages and the appropriate amount of

punitive damages are each required to be established by clear and convincing evidence under

Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed

by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of

the Texas Constitution.

47.     Any claims for punitive damages against Merck cannot be sustained, because any

award of punitive damages under Texas law without bifurcating the trial as to all punitive

damages issues would violate Merck's due process rights guaranteed by the Fourteenth

Amendment to the United States Constitution and by Section 19 of Article I of the Texas

Constitution.

48.     Any claim for punitive damages against Merck cannot be sustained, because an

award of punitive damages under Texas law subject to no pre-determined limit, either a

maximum multiple of compensatory damages or a maximum amount, on the amount of punitive

damages that a jury may impose would violate Merck's due process rights guaranteed by the

Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

49.    Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that:

(a)    is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award;

(b)    is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

(c)    is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics;

(d)    is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; or

(e)    is not subject to judicial review on the basis of objective standards,

would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

50.    Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

51.    Merck asserts that the determination of the amount of punitive damages, if any, should be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

52.    The imposition of punitive damages violates the open courts provision of the Texas Constitution.

---

In so much as the Petition does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Merck will rely on all defenses that may become available during discovery or trial.

### III.  JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

### IV.  PRAYER FOR RELIEF

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Petition with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

Respectfully submitted,

BAKER BOTTS L.L.P.

Richard L. Josephson
State Bar No. 11031500
W. Zachary Hughes
State Bar No. 24032441
910 Louisiana
Houston, Texas 77002
Telephone: (713) 229-1234
Telecopy: (713) 229-1522

ATTORNEY-IN-CHARGE FOR
MERCK & CO., INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to all known counsel of record by certified mail, return receipt requested on this 13th day of September, 2007.

Richard N. Laminack
Thomas W. Pirtle
Buffy K. Martines
Laminack, Pirtle & Martines
440 Louisiana, Suite 1250
Houston, Texas 77002

W. Zachary Hughes

# EXHIBIT C

## **Exhibit C: List of Attorneys**

Attorneys for Plaintiffs
      Richard N. Laminack
      State Bar No. 11850350
      Thomas W. Pirtle
      State Bar No. 16038610
      Buffy K. Martines
      State Bar No. 24030311
      Laminack, Pirtle & Martines
      440 Louisiana, Suite 1250
      Houston, Texas  77002
      (713) 292-2750
      (713) 292-2755 (fax)


Attorneys for Defendants Merck & Co., Inc.
      Richard Josephson
      State Bar No. 11031500
      W. Zachary Hughes
      State Bar No. 24032441
      BAKER BOTTS L.L.P.
      910 Louisiana
      Houston, Texas 77002
      (713) 229-1234
      (713) 229-1522 (fax)

# EXHIBIT D

## Exhibit D: Parties Requesting Trial by Jury

1.    Plaintiffs Sandra Cooper; Lola Alpers; Willie Ray Harris; Novella Hartfield; Cathey Hunter; Debra Kirtman; Norman Smith, Individually and as Representative of the Estate of Martha Smith, deceased; Linda Tanton; and Delcie Thomas

2.    Defendant Merck & Co., Inc.

# EXHIBIT E

**Exhibit E: Name and Address of the Court from which the Case is Being Removed**

Honorable J. Gary Sanderson
60th Judicial District Court of Jefferson County, Texas
Jefferson County Courthouse
1001 Pearl Street
Beaumont, Texas 77701
(409) 835-8472
(409) 784-5849 (fax)

A CERTIFIED TRUE COPY

OCT 26 2007

ATTEST *[signature]*
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDGE KEENAN

OCT 10 2007

FILED
CLERK'S OFFICE

07 CV 9710

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

FILED

FLP 11/1/07

U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

**IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION**

Sandra Cooper, et al. v. Merck & Co., Inc.,
E.D. Texas, C.A. No. 1:07-625

NOV 13 2007

BY DAVID J. MALAND, CLERK

DEPUTY ___

MDL No. 1789

## CONDITIONAL TRANSFER ORDER (CTO-37)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 444 F.Supp.2d 1347 (J.P.M.L. 2006). Since that time, 90 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the action on this conditional transfer order involves questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

OCT 26 2007

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

*[signature]*
Jeffery N. Lüthi
Clerk of the Panel

A CERTIFIED COPY
J. MICHAEL McMAHON, ___ CLERK

BY *[signature]*
DEPUTY CLERK